IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| BLAIN LYNN CHAMBERS, | ) | CV-10-14-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| STACY SAMPSON, et al., | ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| Defendants. | ) | |

On March 12, 2010, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends Plaintiff's Complaint (Court doc. 2) and Amended Complaint (Court doc. 4) be dismissed without prejudice for lack of subject matter jurisdiction.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the March 12, 2010 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to

1

review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Federal Courts are courts of limited jurisdiction and can only adjudicate those cases that the United States Constitution or Congress authorizes them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). Congress has authorized federal jurisdiction in cases that present a federal question as set forth by 28 U.S.C. § 1331, and in cases in which there is a complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.

A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977). Therefore, Chambers must make a prima facie showing of subject matter jurisdiction in order to maintain his claims. *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F. 2d 299, 301 (9th Cir. 1986).

Chambers failed to allege and cannot establish complete diversity of citizenship because he and at least one of the named Defendants are citizens of the

State of Montana. See 28 U.S.C. § 1332. Even if Chambers could establish diversity of citizenship, there is a domestic relations exception to federal diversity jurisdiction which "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992).

Chambers alleges claims arising under the Constitution, laws or treaties of the United States, but the Court lacks federal subject matter jurisdiction pursuant to the Rooker-Feldman doctrine and the Younger abstention doctrine.

Chambers seeks custody of his son, something this Court cannot grant because it is a matter of state law. The United States Supreme Court held long ago that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-594, 10 S.Ct. 850, 34 L.Ed. 500 (1890); *see also Mansell v. Mansell*, 490 U.S. 581, 587, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) ("[D]omestic relations are preeminently matters of state law"); *Moore v. Sims*, 442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("Family relations are a traditional area of state concern"). A challenge to a custody determination does not state a federal claim.

The Rooker-Feldman doctrine provides that federal district courts lack jurisdiction to review cases in which the plaintiff complains of injuries caused by

3

state court judgments rendered before the federal district court proceedings commenced and inviting federal district court to review and reject those state judgments. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Federal district courts generally lack the authority to review state judgments pursuant to 28 U.S.C. § 1257, since only the United States Supreme Court has such jurisdiction. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). A plaintiff cannot appeal state court cases directly to United States district courts, nor can they bring federal claims that would ask district courts to pass judgment on state court findings.

Additionally, if the state court action regarding the custody of Chambers's son is still pending (on appeal or otherwise), then Chambers's claims are barred by the Younger Abstention Doctrine which sets forth the policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45, 91 S. Ct. 746, 751 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). "As a matter of comity, federal courts should maintain respect for state functions and should not unduly interfere with the

state's good faith efforts to enforce its own laws in its own courts." *Dubinka v. Judges of Superior Court of State of California for County of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994) (citing *Younger*, 401 U.S. at 43-44, 91 S. Ct. at 750). Therefore, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) (overruled on other grounds *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001)(citing *Younger*, 401 U.S. at 40-41, 91 S. Ct. at 748-49) overruled in part on other grounds by *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004)(en banc)). When applicable, Younger abstention requires dismissal of the federal action, not a stay. *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Chambers's Complaint (Court Doc. 2) and Amended Complaint (Court Doc. 4) are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that this Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this

decision would not be taken in good faith. The record makes plain there is no federal subject matter jurisdiction.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 5th day of May, 2010.

/s/ Richard F. Cebull
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE